EASTERN DIST.
January, 1836.

GARCIA ET AL.
vs.
THEIR
CREDITORS.

---

## GARCIA & BUYO *vs.* THEIR CREDITORS.

RULE ON THE PARISH JUDGE FOR THE PARISH AND CITY OF NEW-ORLEANS, AND FOR A MANDAMUS, COMMANDING HIM TO ALLOW AN APPEAL.

A *mandamus* will not be awarded to compel the judge *a quo* to grant an appeal, from an order or interlocutory judgment, overruling exceptions to the right of a creditor to file an opposition to proceedings in insolvency.

An appeal does not lie to an order allowing an opposition to be filed, when the final action of the court may render the appeal unnecessary.

This is an application for a *mandamus* to compel the judge of the Parish Court, for the parish and city of New-Orleans, to allow an appeal from an order of court admitting an opposition to the proceedings in insolvency to be filed, charging one of the insolvent debtors with fraud.

*D. Seghers*, of counsel for the insolvents, resisted the filing of the opposition, and excepted to it on the ground that it was not sworn to by the opposing creditor, and did not contain that written deposition which is contemplated by the provisions of the insolvent law of 1817. The exceptions were overruled by the judge presiding and the opposition permitted to be filed.

The counsel for the insolvents prayed an appeal, which was refused. An affidavit being filed in this court by D. Seghers, stating that the judgment might work an irreparable injury to the insolvents, a rule was taken on the Hon. C. Maurian,

EASTERN DIST. parish judge, to show cause why a *mandamus* should not
January 1836. issue commanding him to allow the appeal in this case as

GARCIA ET AL. prayed for.
vs.
THEIR            The judge showed for cause, *first,* that according to law
CREDITORS. an appeal lies only in two cases, to wit : 1. On final judg-
ments.    2. On interlocutory judgments, when they work an
irreparable injury to the party complaining.

1. The judgment complained of is not a final judgment.

2. It is an interlocutory judgment, or rather an order which
does not and cannot work an irreparable injury to the
insolvents.

*D. Seghers,* for the *mandamus,* argued in support of the rule.

*Martin, J.,* delivered the opinion of the court.

This is an application for a *mandamus* to the parish judge
for the parish and city of New-Orleans, to show cause why
it should not issue, commanding him to allow an appeal in
this case.    The judge in his answer, states that the judgment
or order from which the appeal is prayed, is not such a one
as the law authorises ; that it is only at most an interlocutory
judgment, which does not and cannot work an irreparable
injury to the party complaining.

A *mandamus* will not be a- In examining the facts of the case, it appears that one of
warded to com- the creditors filed an opposition to the homologation of the
pel the judge a
quo to grant an proceedings in the case of insolvency, and preferred an
appeal, from an
order or interlo- allegation of fraud against one of the insolvent debtors.
cutory judgment, Exceptions were pleaded to the opposition and the right to
overruling ex-
ceptions to the file it denied, on the ground that it was not sworn to,
right of a credi-
tor, to file an according to the act of 1817, prescribing the mode of making
opposition to
proceedings in oppositions.    The exceptions were overruled and the right to
insolvency. file the opposition sustained.    From this decision the party
An appeal
does not lie to has sought an appeal to this court.
an order allow-
ing an opposition    This is a matter which involves the legality of an order or
to be filed, when interlocutory judgment, which is only preliminary in the trial
the final action
of the court may of the cause, and in which it is evident that the future action
render the ap-
peal' unnecessa- of the Parish Court may render an appeal unnecessary.    But
ry. if it should not be the case, and injury ensue, the insolvents

will not be debarred the privilege of obtaining redress, by the final decision on the opposition, and to show that the exceptions were improperly overruled.

The rule is, therefore, discharged.